PATTERSON
*vs.*
LAFARGE.

If the plaintiff
fails to answer
interrogatories
the defendant
may at his op-
tion move to
have the suit
dismissed, or go
on to trial and
take them as
confessed.

*PATTERSON* vs. *LAFARGE.*

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court.

The plaintiff having failed to answer dis-
tinctly one of the defendant's interrogatories,
the latter excepted to the answer, and after-
wards prayed that the suit be dismissed.   On
the refusal of the court, he took a bill of ex-
ceptions.   Judgment being afterwards given
for the plaintiff, the defendant appealed.

His counsel now urges that this court ought
to correct the error of the judge *a quo*, in re-
fusing to dismiss the suit.

The act of the legislative council, commonly
called the court law, provides that on the fail-
ure of the plaintiff to answer the defendant's
interrogatories, " his suit shall be dismissed,
at his costs, on the motion of the defendant."
2 *Martin's Digest,* 160, *n.* 9.

The plaintiff's counsel urges that this part
of the law is repealed, by a posterior one,
which provides that if either party refuses or
neglects to answer said interrogatories, or any
of them, the fact on which he refuses or ne-
glects to answer, shall be taken for confessed ;
and the court shall proceed, in consequence of

that proof, in rendering judgment.  *Civil Code,* East'n District.<br/>*May*, 1823.<br/>⌣⌣⌣<br/>PATTERSON<br/>*vs.*<br/>LAFARGE. 316, *art.* 261.   It is insisted that, as this provision is contrary to the former and cannot stand therewith, it virtually, though impliedly, repeals it, as the court cannot *dismiss* the suit, and *proceed*, in consequence of that proof, in rendering judgment.

It appears to us the remedy is *cumulative*—that the defendant may at his option move for a dismissal of the suit—but that the new provision is only a direction to the court, to take the fact *pro confesso*, (in case the defendant does not avail himself of the right of moving to dismiss) and to proceed in consequence of that proof, in rendering judgment; *i. e.* in case it be called upon by either party, in the regular course of the trial, to render judgment.

Nothing shows any intention in the framers of the code to repeal the former provision. The new one is different, but not contradictory or inconsistent.   The direction to take the fact as confessed, and to proceed in consequence of that proof, in rendering judgment, does not necessarily deprive the defendant of the right of preventing any judgment from being given, if he see fit, by a motion to dismiss.

The latter statute is an affirmative one, and

East'n District.
*May*, 1823.

PATTERSON
*vs.*
LAFARGE.

contains no negative words—it is therefore our duty not to consider any preceding statutory provision, as repealed by it—to consider the act of the legislative council and the code, as two statutes in *pari materia*—and to construe them as if all their provisions were included in *one* statute.

If therefore a statute began, by giving to the defendant the right of dismissal, at his option, on the plaintiff's failure to answer interrogatories, and afterwards provided that the interrogatory unanswered should be taken as confessed, and the court should proceed, in consequence of that proof, in rendering judgment; it would be the duty of the court, in order to give force and effect to every part of the statute, to conclude that the legislature had made the second provision for the case, in which the defendant did not resort to the first.

We are the more readily to adopt this conclusion, when we observe that the framers of the code refer us for the form of the interrogatories, and the rules to be observed in them, as settled by the law regulating judicial proceedings, (*art.* 259) evidently referring us to the act of the legislative council, on which the defendant's counsel relies.

Were we to hold that the civil code repeals the provision of the former act, invoked by the defendant, we would be bound to say, when called upon, that the defendant needs no longer the judge's fiat to compel the plaintiff's answer to interrogatories.   For the code says, the right is *reciprocal*—or, that the plaintiff now wants such a fiat, when he wishes to interrogate the defendant.   For a right which is *absolute* as to one party, and depends on his will alone, is not reciprocal, if, as to the other, it be conditional and limited, and require the assent of a judge.   In practice the provision alluded to, has been considered as unrepealed, and defendants have always applied for the *fiat*.   If there be no repeal in this part of the former act, there cannot be any in the one we have been considering.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled and reversed; and, proceeding to give such a judgment, as in our opinion ought to have been given by the court *a quo*, it is ordered, adjudged and decreed, that the plaintiff's suit be dismissed, and that he pay costs in both courts.

*Livingston* for plaintiff, *Dennis* for defendant.